**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Anthony Mitchell,

Plaintiffs,

v.

Emory Andrew Tate, et al.,

Defendants.

Case No. 2:26-cv-00720-RFB-BNW

**ORDER**

Before this Court is Plaintiff's motion seeking to conduct limited discovery in order to identify and serve certain Defendants. ECF No. 19.

**I.    ANALYSIS**

Where discovery is necessary to identify unknown defendants, plaintiffs should be afforded an opportunity to conduct limited discovery for that purpose. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff moves to conduct discovery to "identify and serve defendants whose identities and contact information are not publicly available." ECF No. 19 at 1. While Plaintiff includes addresses for New Era Learning LLC and/or Legendary Courses, Inc., he argues that he is attempting to discover their *true legal identity* so he can correctly name and serve them. *Id*. at 5–6. What is not clear is whether he can serve these two entities now. To the extent he can, he can obtain additional information through interrogatories and request for productions after New Era Learning LLC. and/or Legendary Courses, Inc. have been served. At that point, he may amend his complaint if he believes different entities ought to be named. As a result, this Court denies this motion without prejudice. Should Plaintiff make clear that he needs discovery to serve New Era Learning LLC and/or Legendary Courses, Inc, then this Court will reconsider his request. Based on the information provided, and the companion motion to serve by alternative means (ECF No. 18), this Court finds good cause and will extend the time for service of all Defendants until August 21, 2026.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to conduct limited discovery (ECF No. 19) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 21, 2026, to serve all Defendants.

DATED: April 28, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE