**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Anthony Mitchell,

Plaintiff,

v.

Emory Andrew Tate, et al.,

Defendants.

Case No. 2:26-cv-00720-BNW

**ORDER**

Before this Court is non-party Nicholas Thomas's ("Movant") motion to quash subpoenas and/or for protective order. ECF No. 46. For the reasons discussed below, this Court denies the motion in its entirety.

**I.    DISCUSSION**

Movant cites Fed. R. Civ. P. 45(d)(3)(A) as a basis for his motion. ECF No. 46 at 4. This Rule states that a court *must,* upon motion, quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Generally, only the party subject to the subpoena has standing to bring a motion to quash under Rule 45(d)(3)(A).[1] *In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. 2012) (citing *In re Yassai*, 225 B.R. 478, 480-82 (Bankr. C. D. Cal. 1998)); *see also Salem Vegas, L.P. v. Guanci*, No. 2:12-CV-01892-GMN, 2013 WL 5493126, at \*3 (D. Nev. Sept. 30, 2013).

Here, the subpoenas at issue are not directed to Movant, but to two non-party entities. ECF No. 29. Movant acknowledges that he is not asserting objections on behalf of those subpoenaed entities. ECF No. 46 at 4. As a non-party who is not subject to the subpoena, Movant

---

[1] This Court notes that the cited cases reference Fed. R. Civ. P. 45(c), which later became 45(d). The interpretation of the relevant language, however, remains unchanged.

has no standing to bring forth a motion to quash under Rule 45(d)(3)(A). *Rhodes Companies*, 475 B.R. at 740.

Some courts have found standing where the moving party has a personal right or privilege in the documents sought, even if that party is not the subject of the subpoena. *1ST Tech., LLC v. Rational Enters. Ltda*, No. 2:06-CV-01110-RLH-GWF, 2007 WL 5596692, at *3 (D. Nev. Nov. 13, 2007). There appears to be a split of authority in this District regarding the merit of this "personal right or privilege" exception. *Walker v. Intelli-Heart Servs., Inc.*, No. 318-CV-00132-MMD-CBC, 2019 WL 10028001, at *3 (D. Nev. Mar. 4, 2019).

Here, Movant indicates that this Court should adopt the exception and that he has standing due to "his personal privacy and confidentiality interests." ECF No. 46 at 5. This Court's conclusion remains the same regardless of whether this exception applies. Even in cases where this exception has been recognized, a moving party must offer more than "vague conclusions and speculations" about the existence of a threatened personal privilege. *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007). In his Motion, Movant states that his "personal privacy and confidentiality interests *may* be implicated by the requested information." ECF No. 46 at 3 (emphasis added). This hypothetical implication is nothing more than a "vague conclusion and speculation" which fails to justify a motion to quash.

Movant also cites Rule 45(d)(3)(B) as an additional basis for his motion. ECF No. 46 at 4. This Rule states that a court *may,* upon motion, quash or modify a subpoena to protect a person subject to or affected by a subpoena if it requires (1) disclosing a trade secret or other confidential research, development, or commercial information; or (2) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Here, though this provision explicitly applies to persons other than those subject to the subpoena, Movant still fails to establish how the information sought requires disclosing a trade secret, other confidential research, development, or commercial information, or an unretained expert's opinion. Instead, Movant vaguely asserts that he is "an affected non-party whose personal privacy and confidentiality interests may be implicated by the requested information."

*Id.* at 3. Movant fails to provide any further detail which would warrant this Court's discretion to grant a motion to quash under Rule 45(d)(3)(B).

Alternatively, Movant seeks a protective order pursuant to Rule 26(c). ECF No. 46 at 5. This Rule permits a party or any person from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). As previously stated, Movant is neither a party to this action nor a party from whom discovery is being sought. Accordingly, Movant lacks standing under this Rule to seek a protective order regarding the subject subpoenas.

## II.    CONCLUSION

**IT IS ORDERED** that non-party Nicholas Thomas's motion to quash subpoenas and/or for protective order (ECF No. 46) is **DENIED**.

DATED: June 30, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE