**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Anthony Mitchell, | Case No.: 2:26-cv-00720-JAD-BNW |
| Plaintiff | **Order Denying Motions for Temporary Restraining Order and Preliminary Injunction, Denying Motion for Leave to File Second Amended Complaint, Ordering Plaintiff to File a Shorter Complaint, Denying Thrifty Consulting's Motion to Dismiss Without Prejudice, and Denying as Moot Motion to Defer** |
| v. | |
| Emory Andrew Tate, et al., | |
| Defendants | [ECF Nos. 56, 57, 66, 67, 78, 92] |

Pro se plaintiff Anthony Mitchell sues Emory Andrew Tate III and various allegedly connected companies, individuals, and unknown domain operators. He contends that the defendants operated an illegal enterprise "to extract subscription fees, participant labor, intellectual property, and cryptocurrency value from individuals who responded to fraudulent prize and venture-funding representations" related to an "AI hackathon" that falsely promised more than a million dollars in prizes.[1] He moves for a temporary restraining order and preliminary injunction requiring non-party domain-name providers like GoDaddy and Cloudflare to lock various domains associated with the alleged scheme so they cannot be transferred to new owners while this litigation is pending.[2] I deny those motions because Mitchell has not shown that this court has jurisdiction to restrain nonparties.

Mitchell also seeks leave to amend his complaint. I deny that motion because Mitchell's proposed second amended complaint is too long and convoluted for this court to parse. So

---

[1] ECF No. 34 at 6, at ¶¶ 1–2 (first amended complaint).

[2] ECF Nos. 56, 57.

although I deny his motion to file the second amended complaint Mitchell proposes, I grant him leave to file a new amended complaint that is **no longer than 50 pages, excluding exhibits.**

One of the defendants that has appeared in this case, Thrifty Consulting LLC, moves to dismiss Mitchell's first amended complaint against it based on lack of personal jurisdiction. I deny that motion without prejudice to its refiling in response to Mitchell's amended complaint. And because I have resolved the motion to dismiss for now, I deny as moot Mitchell's motion to defer that ruling.

**Discussion**

**A.      Mitchell has not shown that he is entitled to enjoin the conduct of nonparties.**

Mitchell seeks a temporary restraining order and preliminary injunction to lock "seven domain registrations in their current registrants' names so they cannot be moved beyond the court's reach."[3] He contends that the alleged theft of his "Bangchain project" occurred on those domains and that "they hold, and are traceable to, the proceeds of [his] converted property[.]"[4] Mitchell identifies the domains themselves as "the specific, identifiable res of [his] constructive-trust, unjust-enrichment, and disgorgement claims[.]"[5] He asks for an order directing the domain-registry companies—GoDaddy.com LLC, Cloudflare Inc., Sea Wasp LLC, and Verisign Inc.—to "place and maintain transfer locks" on the at-issue domains.[6] He also asks that the domain-registrar companies be required to preserve records associated with those domains.[7]

---

[3] ECF No. 57 at 1 (cleaned up). Mitchell's motion for a temporary restraining order, ECF No. 56, and his motion for a preliminary injunction, ECF No. 57, are substantively identical. For clarity I cite only to the preliminary-injunction motion in this order.

[4] ECF No. 57 at 11.

[5] *Id.* at 12.

[6] *Id.* at 17.

[7] *Id.* at 18.

And he seeks an order prohibiting "the current registrants and operators of each of the seven domains from initiating any transfer of registration, any change of registrant identity or contact information, or any voluntary abandonment or intentional expiration of any of those domain registrations" until the resolution of this case.[8]  Mitchell, however, does not know the identities of these domain registrants and has issued subpoenas and moved for leave to conduct discovery into that topic.[9]

Federal Rule of Civil Procedure 65 permits a court to enter an injunction binding "the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with" them.[10]  Mitchell does not argue or present any evidence suggesting that the non-party domain-registry companies fall within that definition.[11] At most, he cites Rule 65(b)(2)(C)—the "other persons who are in active concert or participation with" provision—to suggest that the court can enjoin the domain-registry companies.[12]  To trigger that catchall, Mitchell must show that the non-party "either abets the enjoined party or is legally identified with the enjoined party."[13]  But Mitchell has not shown that the companies have anything to do with the conduct on the websites Mitchell targets other than neutrally

---

[8] *Id.* at 17.

[9] ECF No. 41.

[10] Fed. R. Civ. P. 65(d)(2).

[11] To support his nonparty-injunction request, Mitchell cites *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087 (N.D. Cal. 2002), for the proposition that "[a] court may direct non-party custodians to preserve the status quo of property within their control."  That case has nothing to do with injunctive relief, domain names, or non-party custodians and thus has no relevance to the resolution of this motion.

[12] *See* ECF No. 57 at 13.

[13] *Consumer Fin. Prot. Bureau v. Howard Law, P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up) (quoting *NLRB v. Sequioa Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633 (9th Cir. 1977)).

hosting them, as they do for millions of other domain names. Other district courts have denied motions to restrain non-party domain-registry companies, and I am persuaded by their well-reasoned decisions.[14]

To the extent that Mitchell seeks an injunction against the domain operators, that request also falls short. Mitchell does not know the identities of the persons or corporations that own the at-issue domains, naming them in his operative complaint as "cobratate.com Operator, jointherealword.com Operator," etc.[15] But this court cannot exercise jurisdiction over unknown, unserved phantom defendants. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."[16] Until these domain holders are identified by name and duly served with process, this court lacks jurisdiction over them and cannot issue injunctive relief against them. So I deny Mitchell's motions for a temporary restraining order and preliminary injunction, along with Mitchell's request to supplement those motions.[17]

**B.      Mitchell must file an amended complaint that complies with Rule 8.**

Mitchell's operative first amended complaint clocks in at 244 pages not including exhibits, which double the size of the document as a whole. He now moves for leave to file a second amended complaint that is 231 pages long.[18]

---

[14] *See, e.g.*, *cPanel, LLC v. Asli*, 719 F. Supp. 1133, 1154–56 (D. Or. 2024) (denying request for relief enjoining non-party domain-registry companies because they were not in privity with or aiding and abetting the defendants); *Whaleco Inc. v. Arroyo*, 2024 WL 659482, at *3 (D. Ariz. Jan. 23, 2024) (same).

[15] ECF No. 34.

[16] *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

[17] ECF No. 92.

[18] ECF Nos. 66, 66-2.

Federal Rule of Civil Procedure 8(a) provides the general rules for pleadings in federal court. It mandates that a claim for relief "must contain: (1) **a short and plain statement** of the grounds for the court's jurisdiction . . . ; (2) **a short and plain statement** of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8(d)(1) directs that each allegation must be "simple, concise, and direct." A court may sua sponte dismiss a complaint that fails to comply with these rules.[19] But because dismissal is a harsh remedy, the court must consider less drastic alternatives—like allowing the plaintiff to file an amended complaint—to achieve compliance before it considers outright dismissal.[20]

Mitchell's 231-page proposed complaint does not comply with Rule 8. It is repetitive, verbose, and simply unnecessarily long. So I deny his motion for leave to file that proposed version of the complaint, but I grant him leave to file an amended complaint that complies with Rule 8. Mitchell's amended complaint must be **no longer than 50 pages**, excluding exhibits, and must comply with the local rules governing filed documents.[21] Mitchell is advised that a well-pled complaint need only provide (1) a basis for jurisdiction, (2) a brief description of the alleged facts relevant to his claims, (3) a description of each claim that clearly indicates which facts support his entitlement to relief for each element of each claim, and (4) a clear statement of which defendants he contends are liable for each claim and why. Mitchell should not cite legal

---

[19] *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (citations omitted) (upholding dismissal of 48-page amended complaint because it was "verbose, confusing[,] and almost entirely conclusory"); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting that the "simple, concise, and direct" requirement "applies to good claims as well as bad[] and is a basis for dismissal independent of Rule 12(b)(6)").

[20] *Nevijel*, 651 F.2d at 674.

[21] *See* L.R. 1A 10-1. This district's local rules can be accessed on the Court's website, nvd.uscourts.gov.

authority in his complaint or attempt to prove his claims with evidence at this stage in the proceedings.

**C.      Thrifty Consulting's motion to dismiss is denied without prejudice to its ability to refile after Mitchell has filed his amended complaint.**

Thrifty Consulting moves to dismiss Mitchell's first amended complaint, contending that its allegations do not show that this court has personal jurisdiction over it.[22]  Mitchell asks that I "defer consideration" of that motion until I rule on his motion for leave to file his second amended complaint.[23]  Because I have sua sponte directed Mitchell to file a streamlined amended complaint, I deny both motions.  Thrifty's motion is denied without prejudice to its ability to refile it in response to Mitchell's forthcoming amended complaint.  And Mitchell's motion to defer is denied as moot.

**Conclusion**

IT IS THEREFORE ORDERED that Anthony Mitchell's motions for a temporary restraining order and preliminary injunction **[ECF Nos. 56, 57] are DENIED**, and his motion to supplement those filing with additional evidence **[ECF No. 92] is DENIED as moot.**.

IT IS FURTHER ORDERED that Mitchell's motion for leave to file the proposed second amended complaint at ECF No. 66-2 **[ECF No. 66] is DENIED.  Mitchell must file a renewed second amended complaint that complies with Federal Rule of Civil Procedure 8 and that does not exceed 50 pages by July 22, 2026.**  Mitchell's failure to comply with this order may result in the dismissal of his case.

---

[22] ECF No. 67.

[23] ECF No. 78.

6

IT IS FURTHER ORDERED that Thrifty Consulting LLC's motion to dismiss **[ECF No. 67] is DENIED** without prejudice to its ability to refile a dismissal motion in response to Mitchell's forthcoming amended complaint, and Mitchell's motion to defer consideration of that motion **[ECF No. 78] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
July 6, 2026