Anthony Mitchell
Pro Se Plaintiff
618 Painted Opus Place
North Las Vegas, Nevada 89084
Telephone: (702) 884-0472
Email: RealAnthonyMitchell@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **ANTHONY MITCHELL**, <br><br> Plaintiff, <br><br> v. <br><br> **EMORY ANDREW TATE III**; **TRISTAN TATE**; **THRIFTY CONSULTING LLC**; **THRIFT TECHNOLOGIES LLC**; **ANDREW JOSLIN**; **NICHOLAS THOMAS**; **LEGENDARY COURSES, INC.**; **CAPUTRA BRANDS GROUP INC.**; **DEFIED TRUST DIGITAL TRADING - FZCO LLC**; **PARSA ABBASIE**; **UNIVERSITY.COM TRW INC.**; **WAR ROOM INC.**; **VALTON EASON**; **EMPIRE LEGAL GROUP LLC**; **INSPIRE COMMERCE, INC.**; **MARK NOYES FISCHER**; **COURSES WORKS LLC**; **MATADOR LEARNING INC.**; **NEW ERA COMICS INC.**; **DOE DEFENDANTS 1–10**; and **ROE CORPORATIONS 1–5**, <br><br> Defendants. | Case No. 2:26-cv-00720-JAD-BNW <br><br> **RENEWED SECOND AMENDED COMPLAINT** <br><br> (1) Federal Civil RICO, 18 U.S.C. § 1962(c); (2) Breach of Contract; (3) Promissory Estoppel; (4) Unjust Enrichment; (5) Fraudulent Misrepresentation; (6) Nevada Deceptive Trade Practices Act; (7) Civil Conspiracy; (8) Nevada Civil RICO; (9) Conversion; and (10) RICO Conspiracy, 18 U.S.C. § 1962(d) <br><br> **JURY TRIAL DEMANDED** |

**RENEWED SECOND AMENDED COMPLAINT**

Plaintiff Anthony Mitchell, appearing pro se, files this Renewed Second Amended Complaint pursuant to the Court's Order of July 6, 2026 (ECF No. 96); it is the operative pleading and supersedes all prior complaints. Plaintiff alleges as follows.

1

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

## I. NATURE OF THE ACTION

1.  This is a civil action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d); the Nevada Racketeer Influenced and Corrupt Organizations Act, NRS 207.400; the Nevada Deceptive Trade Practices Act, NRS 598; and Nevada common law. Defendant Emory Andrew Tate III ("Andrew Tate"), his brother Tristan Tate, and the individuals and entities named below operate an association-in-fact enterprise that has marketed recurring paid online subscriptions since at least 2022 — currently under the brand "The Real World," previously as "Hustlers University" — and has conducted the enterprise's affairs through a continuous pattern of racketeering — principally wire fraud, transmitted across its websites, checkout systems, social-media, and video channels, together with the laundering of the resulting proceeds — that continues through the filing of this Complaint. Central to that pattern, and the conduct that injured Plaintiff, is a false "Hackathon" the enterprise promoted beginning in January 2025 to draw in developers, harvest their labor and personal data, funnel the hackathon traffic into paid subscriptions and merchandise purchases, and commercially exploit participants' project identities, including Plaintiff's "Bangchain" project.

2.  The enterprise advertised a prize pool exceeding $1,000,000, expert multi-round judging, and up to $1,000,000 in venture funding. No judging was conducted, no winner was announced, and no prize or funding was ever paid. Plaintiff, a Nevada artificial-intelligence and robotics developer, invested approximately 200 hours of skilled labor and out-of-pocket costs to build and submit his Bangchain project, which the enterprise publicly showcased in first position — where it remained, last observed by Plaintiff on the date this Renewed Second Amended Complaint was filed — and which Andrew Tate personally endorsed. The enterprise then exploited a cryptocurrency token bearing the Bangchain name and identity — created by persons unknown to Plaintiff and never authorized by him — in a coordinated pump and sell-off, extending the scheme from initial inducement into ongoing commercial

2

exploitation of Plaintiff's work.

3.  One Defendant described the enterprise's method in his own words. On camera, Andrew Tate publicly stated, in substance: "SEC, come for me. I'm in Romania. There ain't no SEC in Romania. We're scammers, we're out here doing what we want. I'm gonna pump a coin up, make 10M, peel it off." That admitted method — inflating a cryptocurrency token to an artificial high and selling into the rise — describes the token price-inflation and sell-off method that, as alleged below, the enterprise later applied in connection with the unauthorized appropriation of Plaintiff's project identity into a cryptocurrency token.

4.  The enterprise markets its online subscription products under the brand "The Real World" on JoinTheRealWorld.com and University.com, previously sold as "Hustlers University." Throughout these successive rebrandings it has maintained the same "New Era Learning" support channel at support@neweralearning.net, tying the successive brands to a single continuing operation. The Hackathon at the center of this action was hosted at fundraiser.com/hackathon.

5.  The enterprise extends its reach by having its own audience spread its marketing. The Hackathon and fundraiser.com are promoted on X, formerly Twitter, where the enterprise's posts are reposted by its followers. The enterprise also publishes a recurring video series, "Emergency Meeting," on its Rumble channel; students of jointherealworld.com and university.com clip that series and repost the clips as part of the enterprise's content-affiliate recruiting program, in which members are rewarded for producing and circulating promotional content that draws new participants into the paid subscriptions.

6.   The subscriptions into which the Hackathon funneled participants were monetized through a United States payment layer that took a fee on every transaction. At the center of that layer is a card vault — a system that stores subscribers' saved card credentials and, on each recurring charge, assigns the charge to a rotating set of different payment processors rather than billing it through a single one. Because the card networks and processors monitor fraud and chargeback rates processor by processor, spreading the enterprise's charges across many processors keeps any one processor's chargeback ratio below the thresholds that

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472  •  RealAnthonyMitchell@gmail.com

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

trigger review or termination; on information and belief, the vault was built and designed for that purpose — to defeat per-processor fraud- and chargeback-enforcement and keep the enterprise's recurring charges flowing. The proceeds were ultimately remitted toward offshore destinations where, on information and belief, Andrew Tate and Tristan Tate are the top-level beneficiaries at the end of the chain, with the other individuals and entities named in this Complaint each collecting a share of the proceeds along the way.

7. The nine domains at the center of this case — fundraiser.com, cobratate.com, jointherealworld.com, university.com, neweralearning.net, thewarroom.ag, reachtwr.com, topg.com, and getfireblood.com — were not independent platforms. They were the public storefronts of one operation, run by common operators through shared corporate infrastructure and overlapping registered agents, cross-promoting one another and directing revenue to overlapping destinations. Two of the domains sold the same subscription through identical checkout code — one product behind two storefronts. Another converted "contact Andrew Tate" clicks into sales lists for the enterprise's subscription and membership sites and, on information and belief, earned a commission on the resulting transactions. And the entities behind the storefronts were held together by a common corporate-formation layer: the same officer of record and the same registered agents recurring across the enterprise's shell companies. Behind those entities stands one control person. Defendant Valton Eason is the officer, director, or manager of record for the enterprise's operating companies, and he controls not only those companies but the registered agent they share and even that agent's own registered agent — a captive chain that conceals their common ownership and control. That corporate backend, and Eason's role in creating and concealing it, are set out below. Plaintiff brings this action against the named Defendants, who operated, controlled, financed, or knowingly facilitated that enterprise.

**Figure 1 on the next page visualizes the structure of the enterprise described above.**

4

**FIGURE 1**

**STRUCTURE OF THE ENTERPRISE, CENTERED ON FUNDRAISER.COM (AS ALLEGED)**



_____

1 Corporate-formation & concealment: Valton Eason is the officer, director, manager, or control person of record for University.com TRW, War Room, Caputra, Matador, Courses Works, New Era Comics, and Legendary Courses (Wyoming), and the Texas entities operate through the shared registered agent Gibraltar Monex, a resident agent that Defendant Eason also helms; this resident agent's resident agent is VLVentures, which forfeited in 2013 and is also helmed by Defendant Valton Eason. Eason is also the manager and registered agent of record of Empire Legal Group LLC.

## KEY TO FIGURE 1 — ENTERPRISE NODES (AS ALLEGED)

This key identifies each entity and domain depicted in Figure 1 and its function within the alleged enterprise.

| Node | Owner / control | Role in the enterprise (as alleged) |
|---|---|---|
| **Trademarks & promotion** | | |
| **Defied Trust – FZCO (UAE)** | — | Holds and licenses the enterprise's COBRATATE, THE REAL WORLD, and TOP G wordmarks; receives the revenue their use generates. |
| **Andrew Tate** | — | Enterprise principal; promotes the Hackathon and paid platforms through @Cobratate on X and the "Emergency Meeting" broadcasts on Rumble. |
| **Tristan Tate** | — | Promotes the subscription and merchandise platforms through @TateTheTalisman on X and the "Emergency Meeting" broadcasts on Rumble. |
| **The Hackathon** | | |
| **fundraiser.com** | Nicholas Thomas (registrant) | The "Hackathon" contest site; carries the prize, judging, and $1M venture-funding representations and routes traffic to the paid platforms. |
| **Subscription platforms** | | |
| **jointherealworld.com** | University.com TRW Inc. | "The Real World" recurring paid subscription platform; its DNS and reverse-proxy run through a Cloudflare account controlled by Joslin and Thrift Technologies. |
| **university.com** | Nicholas Thomas (registrant); University.com TRW Inc. | Mirror site selling the same subscription through identical checkout code. |
| **University.com TRW Inc.** | Valton Eason (of record) | Entity behind the "The Real World" subscription; receives the subscription proceeds. |
| **New Era Learning LLC (Roe 1)** | unidentified — alleged in the alternative to be New Era Comics Inc. | Platform operator named on the jointherealworld.com and university.com privacy policies. |
| **Conversion & merchandise nodes** | | |
| **cobratate.com/contact** | Andrew Joslin & Thrift Technologies (registrants) | "Contact Andrew Tate" interface; harvests names and emails, converts traffic into customers, and earns commissions. |
| **topg.com** | Caputra Brands; Valton Eason (of record) | Merch and brand storefront selling consumer goods under TOP G promotion; product-sales revenue. |
| **getfireblood.com** | unidentified (Roe Corp. 4) | Parallel Fireblood-merchandise storefront linked from cobratate.com; product-sales revenue. |
| **War Room** | | |
| **thewarroom.ag** | Nicholas Thomas (registrant); War Room Inc. | Paid "War Room" membership checkout. |
| **reachtwr.com** | Reach TWR (Roe 3) — unidentified | Successor War Room checkout to which the membership sale was moved after suit was filed. |

6

| Node | Owner / control | Role in the enterprise (as alleged) |
|---|---|---|
| **War Room Inc.** | Valton Eason (of record) | Receives the proceeds of the "War Room" membership sold through thewarroom.ag and reachtwr.com. |
| **Payment & remittance rails** | | |
| **Thrifty / Thrift Technologies** | Andrew Joslin | Payment layer that charges subscribers' cards and takes a per-transaction fee on the enterprise's payments. |
| **Value.io** | Inspire Commerce; Mark Fischer | Multi-processor card-vault and routing gateway embedded in checkout; routes and transmits the subscription charges. |
| **Wudan Mountain (Roe 2)** | unidentified (Roe 2) | Bank-wire beneficiary designated in the served checkout code as recipient of subscription proceeds. |
| **Offshore remittance (to the UAE)** | Andrew & Tristan Tate (recipients) | Outbound path for U.S.-collected proceeds to the UAE via Defied Trust. |
| **Cryptocurrency layer** | | |
| **Parsa Abbasie ("Issa")** | — | Operates the enterprise's cryptocurrency layer; associated with the $DADDY pump method and the unauthorized "Bangchain" token. |
| **Corporate backend & formation** | | |
| **Valton Eason** | — | Corporate-formation backend; officer, director, or manager of record for the operating companies and their shared registered agents. |
| **Empire Legal Group LLC** | Valton Eason (manager / registered agent) | Texas vehicle supplying the enterprise's corporate-formation, tokenomics, and offshore and tax-structuring functions. |
| **Courses Works LLC & Matador Learning Inc.** | Nicholas Thomas (helms); Valton Eason (of record) | Organize the enterprise's legal, travel, corporate-structuring, and course-content functions. |
| **neweralearning.net** | Andrew Tate & New Era Learning LLC | Subscription-support domain. |
| **Nicholas Thomas** | — | Operates fundraiser.com; registrant of thewarroom.ag and university.com; helms Courses Works and Matador. |

## II. SUBJECT-MATTER JURISDICTION, STANDING, AND VENUE

8.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's First and Tenth Causes of Action arise under federal law, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d).

9.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as the federal claims. Pleaded in the alternative to §§ 1331 and 1367(a), this Court also has diversity jurisdiction

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Nevada; on information and belief, each Defendant is a citizen of a State other than Nevada, or a citizen or subject of a foreign state, satisfying the diversity required by § 1332(a)(1)–(3); and the amount in controversy exceeds $75,000, exclusive of interest and costs. To the extent the Court determines that any Defendant is a United States citizen domiciled abroad, and therefore not a citizen of any State for purposes of § 1332(a), Plaintiff does not rely on § 1332(a) and instead invokes this Court's federal-question jurisdiction under § 1331 over the federal claims and its supplemental jurisdiction under § 1367(a) over the state-law claims, each of which extends to every Defendant regardless of citizenship. Complete diversity is assessed without regard to the fictitiously named Doe and Roe Defendants, whose citizenship is presently unknown.

10. Plaintiff has Article III standing. He has suffered a concrete and particularized injury to his property, detailed in the Factual Allegations below, that is fairly traceable to each Defendant's conduct and redressable by the relief sought.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, and the injury to Plaintiff, occurred in this district, where Plaintiff developed and submitted his project, the enterprise solicited and billed him, and he suffered his losses. Venue is also proper under 18 U.S.C. § 1965(a) because the enterprise transacts its affairs in this district through its Nevada-reaching subscription solicitation, payment collection, and wire transmissions, and under 28 U.S.C. § 1391(b)(3) because each Defendant is subject to this Court's personal jurisdiction and no other single district has personal jurisdiction over all Defendants.

### III. THE PARTIES

12. Plaintiff **ANTHONY MITCHELL** is an individual residing in North Las Vegas, Nevada, and a citizen of Nevada. He is the sole real party in interest for all claims asserted herein and appears pro se.

8

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

13. Defendant **EMORY ANDREW TATE III**, also known as "Andrew Tate" and referred to herein as Andrew Tate, is an individual who, on information and belief, is a dual citizen of the United States and the United Kingdom domiciled in Dubai, United Arab Emirates, and is not a citizen of Nevada. He is sued in his individual capacity. Andrew Tate promoted the Hackathon to a nationwide audience including Nevada — through his @Cobratate account on X and the "Emergency Meeting" broadcast series on the enterprise's Rumble channel — directs the enterprise's Nevada-reaching operations, and, on information and belief, receives proceeds of the scheme alleged herein, including its Nevada-originated revenue.

14. Defendant **TRISTAN TATE**, referred to herein as Tristan Tate, is an individual and the brother of Andrew Tate who, on information and belief, is a dual citizen of the United States and the United Kingdom domiciled in Dubai, United Arab Emirates, and is not a citizen of Nevada. He is sued in his individual capacity. Tristan Tate promoted the enterprise's subscription and merchandise platforms to a nationwide audience including Nevada — through his @TateTheTalisman account on X and the "Emergency Meeting" broadcast series on the enterprise's Rumble channel — and, on information and belief, receives proceeds of the scheme alleged herein, including its Nevada-originated revenue.

15. Defendant **THRIFTY CONSULTING LLC** ("Thrifty") is a limited liability company organized under the laws of Delaware, with its principal place of business in Vancouver, Washington, wholly owned by Defendant Thrift Technologies LLC. On information and belief, no member of Thrifty is a citizen of Nevada, and Thrifty is not a citizen of Nevada. It is sued in its corporate capacity. Thrifty built and maintains the payment infrastructure that charged Nevada residents' payment cards and takes a per-transaction fee on the enterprise's nationwide payments, including those originating from Nevada.

16. Defendant **THRIFT TECHNOLOGIES LLC** ("Thrift Technologies") is a limited liability company organized under the laws of Delaware and registered in Washington State, wholly owned by Defendant Andrew Joslin, that owns one hundred percent of Defendant Thrifty. On information and belief, no member of Thrift Technologies is a citizen of Nevada, and it is not a citizen of Nevada. It is sued in its corporate capacity. Thrift Technologies,

9

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

together with Defendant Joslin, operates cobratate.com, which converts Nevada traffic into paying customers — a sales funnel linked to fundraiser.com — and derives revenue from that traffic. On information and belief, Thrift Technologies is also among the controllers of the Cloudflare account that operates the DNS and reverse-proxy for jointherealworld.com.

17.   Defendant **ANDREW JOSLIN** ("Joslin") is an individual who, on information and belief, is a citizen of the United States domiciled in Oregon, and is not a citizen of Nevada. He is sued in his individual capacity. Joslin helms Thrift Technologies and Thrifty, which operate the enterprise's payment layer that charged Nevada residents' payment cards; and, together with Thrift Technologies, operates cobratate.com, which converts Nevada traffic into paying customers — a sales funnel linked to fundraiser.com — and derives revenue from that traffic. On information and belief, Joslin also controls, in part through the address andrew@thrift.tech, the Cloudflare account that operates the DNS and reverse-proxy for jointherealworld.com, the enterprise's flagship subscription platform.

18.   Defendant **NICHOLAS THOMAS** ("Thomas") is an individual who, on information and belief, is a citizen of the United States domiciled in Dubai, United Arab Emirates, and is not a citizen of Nevada. He is sued in his individual capacity. Thomas operates fundraiser.com and the @bigmoneynick accounts on X, Instagram, and TikTok; is, on information and belief, the registrant of record of thewarroom.ag and university.com; and controls Matador Learning and Courses Works. Courses Works, which Thomas helms, advertises the same contract-drafting, company-formation, and tax-registration services that Empire Legal Group supplies to the enterprise, and Defendant Eason is the manager of record of both. As operator of fundraiser.com, he solicited and accepted Hackathon submissions from Nevada, maintains the showcase of those Nevada submissions, and made false prize and funding representations to a nationwide audience including Nevada. On information and belief, he earned a commission on the traffic passed on by fundraiser.com to the various merchandise- and subscription-selling domains owned by other Defendants, paid for by Nevada residents.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

19. Defendant **LEGENDARY COURSES, INC.** ("Legendary") is a corporation organized under the laws of Wyoming, with its principal office in Houston, Texas. Legendary is a citizen of Wyoming and of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. Legendary distributed the enterprise's subscription platforms jointherealworld.com and university.com, sold nationwide including to Nevada consumers, and derives revenue from those sales.

20. Defendant **CAPUTRA BRANDS GROUP INC.** (formerly TopG.com Inc.) ("Caputra Brands") is a corporation organized under the laws of Texas, with its principal place of business in Texas. Caputra Brands is a citizen of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. Caputra Brands operates and controls topg.com within the enterprise's Nevada-directed conversion funnel and derives revenue from it.

21. Defendant **DEFIED TRUST DIGITAL TRADING - FZCO LLC** ("Defied Trust") is a free-zone company organized under the laws of the United Arab Emirates, registered at Dubai Silicon Oasis, Dubai. On information and belief, Defied Trust is a citizen of a foreign state and is not a citizen of Nevada. It is sued in its corporate capacity. Defied Trust holds the enterprise's United States federally registered wordmarks — COBRATATE (Reg. No. 7568611), THE REAL WORLD (Reg. No. 8238028), and TOP G (Reg. No. 8037966) — the brand names under which the enterprise markets and sells its products, and authorizes their use in the enterprise's Nevada-directed promotion, including on the @Cobratate account, the "The Real World" subscription platforms, and the display of both "THE REAL WORLD" and "TOP G" as "Main Sponsors" on the Hackathon site at fundraiser.com/hackathon. Defied Trust also operates the enterprise's offshore receive node in the United Arab Emirates, taking in the subscription proceeds the enterprise collects in the United States, including from Nevada.

22. Defendant **PARSA ABBASIE** ("Abbasie"; a/k/a "Issa"), on information and belief, is the individual who operates the @issathecooker account on X and is a dual citizen of Iran and the United Kingdom domiciled in Dubai, United Arab Emirates, and is not a citizen of

11

Nevada. He is sued in his individual capacity. Plaintiff's identification of the @issathecooker account holder as Abbasie is made on information and belief; that account holder's true identity is the subject of a court-authorized Rule 45 subpoena to non-party X Corp, which X Corp has not produced and as to which Plaintiff's motion to compel is pending, and Plaintiff will confirm or amend that identification upon production. Abbasie directed token-promotion and solicitation at a nationwide audience including Nevada and communicated with participants in Nevada in furtherance of the scheme.

23. Defendant **UNIVERSITY.COM TRW INC.** ("University.com TRW") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas; its name denotes "The Real World." University.com TRW is a citizen of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. University.com TRW, on information and belief, is the entity behind the enterprise's paid "The Real World" subscription — sold through jointherealworld.com and university.com within the enterprise's Nevada-directed conversion funnel — receives the proceeds of that subscription, and, on information and belief, also manages both of those domains.

24. Defendant **WAR ROOM INC.** ("War Room") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. War Room is a citizen of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. War Room, on information and belief, is the entity behind the enterprise's paid "War Room" membership — sold through thewarroom.ag & reachtwr.com within the enterprise's Nevada-directed conversion funnel — receives the proceeds of that membership, and, on information and belief, also manages both of those domains.

25. Defendant **VALTON EASON** ("Eason") is an individual who is a citizen of Texas residing in Houston, Texas, is not a citizen of Nevada, and is a commissioned Texas notary public. He is sued in his individual capacity. Eason serves as the officer, director, or manager of record for University.com TRW Inc., War Room Inc., Caputra Brands, Matador Learning, Courses Works, New Era Comics, and Legendary Courses, Inc. — the enterprise's operating companies whose checkout and subscription systems reach Nevada — and is the manager

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

and registered agent of record of Empire Legal Group LLC.

26.   Defendant **EMPIRE LEGAL GROUP LLC** ("Empire Legal") is a limited liability company organized under the laws of Texas, with its registered office in Houston, Texas, and its manager and registered agent, Defendant Valton Eason. On information and belief, no member of Empire Legal is a citizen of Nevada, and it is not a citizen of Nevada. It is sued in its corporate capacity. On information and belief, Empire Legal is the Eason-controlled vehicle for the "Empire Global Partners" consultancy and supplies the enterprise's corporate-formation, tokenomics-support, and offshore banking and tax-structuring functions for its Nevada-reaching consumer platforms, including jointherealworld.com, university.com, and fundraiser.com.

27.   Defendant **INSPIRE COMMERCE, INC.** ("Inspire") is a corporation organized under the laws of Colorado, with its principal place of business in Colorado. Inspire is a citizen of Colorado and is not a citizen of Nevada. It is sued in its corporate capacity. Inspire built and operates the Value.io gateway whose code is served to Nevada consumers and charges their Nevada payment cards.

28.   Defendant **MARK NOYES FISCHER** ("Fischer") is an individual who is a citizen of Colorado residing in Paonia, Colorado, and is not a citizen of Nevada. He is sued in his individual capacity. Fischer directed the design and deployment of the Value.io gateway served to Nevada consumers and charging their payment cards.

29.   Defendant **COURSES WORKS LLC** ("Courses Works") is a limited liability company organized under the laws of Texas, with its registered office in Houston, Texas. On information and belief, no member of Courses Works is a citizen of Nevada, and it is not a citizen of Nevada. It is sued in its corporate capacity. Courses Works organizes the enterprise's legal, travel, and corporate-structuring functions and, together with Defendant Matador Learning, coordinates the enterprise's social media and course content — functions that operate and sustain the scheme reaching Nevada.

30.   Defendant **MATADOR LEARNING INC.** ("Matador") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. Matador is a

13

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

citizen of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. Matador Learning built and maintains the course content sold on the enterprise's subscription platforms that reach Nevada.

31. Defendant **NEW ERA COMICS INC.** ("New Era Comics") is a corporation organized under the laws of Texas, with its principal place of business in Houston, Texas. New Era Comics is a citizen of Texas and is not a citizen of Nevada. It is sued in its corporate capacity. Defendant Valton Eason is its officer of record. On information and belief, New Era Comics sells merchandise or subscriptions into Nevada and receives proceeds of the scheme alleged herein. Plaintiff pleads New Era Comics's role in the alternative: (a) New Era Comics is the entity identified on the jointherealworld.com and university.com privacy policies under the name "New Era Learning LLC," no active United States-registered entity under that name having been identified for the period alleged; or (b) New Era Comics is a separate Eason-helmed corporation that sells merchandise into Nevada and receives proceeds of the scheme. To the extent alternative (a) is true, the allegations pleaded against New Era (Roe Corporation 1), including the predicate acts attributed to that entity, apply to New Era Comics Inc.

32. Defendant **ROE CORPORATION 1**, sued under a fictitious designation and referred to herein as "New Era," is the entity identified on the jointherealworld.com and university.com privacy policies under the name "New Era Learning LLC" as owning and managing the platform, and named together with Defendant Andrew Tate on the registration of neweralearning.net. Because no active entity of that exact name has been identified for the period alleged, and similarly named companies exist in multiple states, Plaintiff cannot yet confirm the entity's true legal identity, sues it as Roe Corporation 1, and will amend upon identification. New Era Comics Inc. is pleaded in the alternative to be that entity, as alleged in the preceding paragraph. On information and belief, New Era is not a citizen of Nevada. It is sued in its corporate capacity. New Era operates the enterprise's subscription platforms that reach and bill Nevada subscribers. Plaintiff does not seek double recovery against New Era (Roe Corporation 1) and New Era Comics Inc. for the same conduct. To the extent they

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

are the same entity, they are a single defendant under alternative names; to the extent they are separate, each is liable only for its own participation as alleged.

33.  Defendant **ROE CORPORATION 2**, sued under a fictitious designation and referred to herein as "Wudan Mountain," is the entity designated in the served checkout code of university.com and jointherealworld.com under the name "Wudan LLC" as the bank-wire recipient of subscription proceeds — a dedicated funds-collection vehicle through which the enterprise's subscription proceeds were gathered and forwarded. The only similarly named registered entity known to Plaintiff is Wudan Mountain LLC, a Wyoming limited liability company formed December 2, 2025; Plaintiff cannot yet confirm whether it is the same "Wudan LLC" designated in the checkout code, and therefore sues the designated recipient as Roe Corporation 2 and will amend upon identification. On information and belief, Wudan Mountain is not a citizen of Nevada. It is sued in its corporate capacity. The name "Wudan LLC" is designated in the served checkout code as the recipient of Nevada-originated subscription proceeds.

34.  Defendant **ROE CORPORATION 3**, sued under a fictitious designation and referred to herein as "Reach TWR," is the person or entity that owns or operates reachtwr.com, the checkout and payment-collection domain through which the enterprise sells its "War Room" membership. Plaintiff's First Amended Complaint documented the War Room checkout at thewarroom.ag/checkout/card; the enterprise has since moved that checkout to reachtwr.com/pay, where it offers a "War Room Membership." Plaintiff cannot at this stage confirm the true legal identity of the person or entity operating reachtwr.com, and therefore sues it as Roe Corporation 3 and will amend to state its true name upon identification. On information and belief, Roe Corporation 3 is not a citizen of Nevada. It is sued in its corporate capacity. Reach TWR operates the reachtwr.com checkout through which the enterprise sells its War Room membership to Nevada consumers.

35.  Defendant **ROE CORPORATION 4**, sued under a fictitious designation and referred to herein as the operator of getfireblood.com, is the entity that owns, operates, or controls the

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

Shopify storefront at getfireblood.com, which sells "Fireblood" brand merchandise and is reached from the enterprise's cobratate.com hub. The operating entity's legal name is not disclosed on getfireblood.com and is not presently known to Plaintiff, who therefore sues it as Roe Corporation 4 and will amend to state its true name upon identification. On information and belief, Roe Corporation 4 is not a citizen of Nevada. It is sued in its corporate capacity. Roe Corporation 4 operates getfireblood.com as a merchandise storefront offering Fireblood products for sale into Nevada, a downstream monetization node parallel to Caputra Brands' operation of topg.com.

36. Eight of those enterprise domains are, on information and belief, registered to, operated by, or a source of some or all of the revenue received by, the named Defendants identified above: fundraiser.com by Thomas; topg.com by Caputra Brands; cobratate.com by Joslin and Thrift Technologies; neweralearning.net by Andrew Tate (whose registration also names "New Era Learning LLC"); jointherealworld.com and university.com by University.com TRW; and thewarroom.ag by War Room, whose successor checkout domain reachtwr.com is operated, on information and belief, by Roe Corporation 3. New Era, sued as Roe Corporation 1, is the platform operator identified on the jointherealworld.com and university.com privacy policies, not a domain registrant. On information and belief, three of these core domains — fundraiser.com, thewarroom.ag, and university.com — though operated by the entities named above, are registered to Defendant Thomas through a single common registration account, linking the enterprise's Hackathon site, War Room checkout, and subscription platform to one registrant. The ninth enterprise domain, getfireblood.com, is, on information and belief, operated by Roe Corporation 4 as a parallel Fireblood merchandise storefront linked from cobratate.com; it is not presently attributed to a named, non-fictitious Defendant.

37. Defendants **ROE CORPORATION 1** ("New Era"), **ROE CORPORATION 2** ("Wudan Mountain"), **ROE CORPORATION 3** ("Reach TWR"), and **ROE CORPORATION 4** (the getfireblood.com operator) are described above. Defendants **DOE DEFENDANTS 1–10** and **ROE CORPORATION 5** are persons or entities whose

16

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

identities are presently unknown and who participated in, financed, or facilitated the conduct alleged herein; Plaintiff will amend to state their true names when identified.

## IV. PERSONAL JURISDICTION

38.  This Court has personal jurisdiction over each Defendant. Each Defendant purposefully directed its conduct at this forum by taking part in one or more of the enterprise's following Nevada-reaching activities: soliciting Nevada residents; accepting Plaintiff's Hackathon submission from Nevada; serving the enterprise's checkout code and pages into Nevada; soliciting payments from Nevada residents; and charging a Nevada resident's payment card. Plaintiff's claims arise from those forum-directed contacts, which are set forth for each Defendant in the Parties section above and summarized in the table below.

39.  In addition to the forum contacts pleaded above, this Court has personal jurisdiction over each Defendant named in the federal RICO claims under the nationwide-service provision of 18 U.S.C. § 1965(b) and (d): each such Defendant has minimum contacts with the United States as a whole through the predicate acts alleged herein, and the ends of justice require that they be brought before a single court because the association-in-fact enterprise spans multiple jurisdictions and no other district could exercise jurisdiction over all of its members. The enterprise transacts its affairs in this District within the meaning of 18 U.S.C. § 1965(a): it solicited and accepted Plaintiff's submission in Nevada, charged Nevada payment cards, and served its checkout pages into Nevada, including through infrastructure operating from a Las Vegas, Nevada datacenter; and its operators and instrumentalities are dispersed across Nevada, Texas, Colorado, Washington, Oregon, Delaware, Wyoming, and the United Arab Emirates. As to Defendants Andrew Tate, Tristan Tate, Parsa Abbasie, and Defied Trust Digital Trading - FZCO LLC, the Court also has jurisdiction under Federal Rule of Civil Procedure 4(k)(2): each committed acts constituting minimum contacts with the United States as a whole, and none is subject to general personal jurisdiction in the courts of any single State: on information and belief, each of the three individuals is domiciled in Dubai,

United Arab Emirates, and not in any U.S. state, and Defied Trust maintains its only place of business in Dubai.

40.  As to any Defendant not otherwise subject to jurisdiction on a particular claim, the Court has pendent personal jurisdiction because the claims share a common nucleus of operative fact with the federal RICO claims, over which jurisdiction is proper.

41.  The forum contacts supporting personal jurisdiction over each Defendant, pleaded in the Parties section above, are summarized as follows:

| Defendant | Forum contact supporting personal jurisdiction |
|---|---|
| Andrew Tate | Promoted the Hackathon and the enterprise's Nevada-reaching subscription and merchandise sites to a nationwide audience including Nevada — through his @Cobratate posts on X and the recurring "Emergency Meeting" broadcast series on the enterprise's Rumble channel, whose persistent on-screen banner routes viewers to those Nevada-reaching domains; directs the enterprise's Nevada-reaching operations; and, on information and belief, receives proceeds of the scheme alleged herein, including its Nevada-originated revenue. |
| Tristan Tate | Promoted the enterprise's Nevada-reaching subscription and merchandise sites to a nationwide audience including Nevada — through his @TateTheTalisman posts on X and the recurring "Emergency Meeting" broadcast series on the enterprise's Rumble channel, whose persistent on-screen banner routes viewers to those Nevada-reaching domains; and, on information and belief, receives proceeds of the scheme alleged herein, including its Nevada-originated revenue. |
| Thrifty Consulting LLC | Built and maintains the payment infrastructure that charged Nevada residents' payment cards and takes a per-transaction fee on the enterprise's Nevada-originated payments. |
| Thrift Technologies LLC | Owns and controls Thrifty and, with Joslin, owns cobratate.com, which converts Nevada traffic into paying customers; and helps control the Cloudflare account that operates jointherealworld.com, the subscription platform that reaches and bills Nevada residents. |
| Andrew Joslin | Helms Thrift Technologies and Thrifty, which operate the payment layer that charged Nevada residents' payment cards; and, with Thrift Technologies, owns and operates cobratate.com, a sales funnel linked to fundraiser.com, and controls the Cloudflare account that operates jointherealworld.com, the subscription platform that reaches and bills Nevada residents. |
| Nicholas Thomas | As operator of fundraiser.com, solicited and accepted Hackathon submissions from Nevada and maintains the showcase of those Nevada submissions. |
| Legendary Courses, Inc. | Distributed the enterprise's subscription platforms jointherealworld.com and university.com sold to Nevada consumers. |

| Defendant | Forum contact supporting personal jurisdiction |
|---|---|
| **Caputra Brands Group Inc.** | Operates topg.com within the enterprise's Nevada-directed conversion funnel. |
| **Defied Trust Digital Trading – FZCO LLC** | Holds the enterprise's federally registered COBRATATE, THE REAL WORLD, and TOP G wordmarks and authorizes their use in the enterprise's Nevada-directed promotion. |
| **Parsa Abbasie** | Directed token-promotion and solicitation at a nationwide audience including Nevada and communicated with participants in Nevada in furtherance of the scheme. |
| **University.com TRW Inc.** | On information and belief, receives the proceeds of the enterprise's "The Real World" subscription sold through jointherealworld.com and university.com within its Nevada-directed conversion funnel. |
| **War Room Inc.** | On information and belief, receives the proceeds of the enterprise's "War Room" membership sold through thewarroom.ag and reachtwr.com within its Nevada-directed conversion funnel. |
| **Valton Eason** | Serves as officer, director, or manager of record for the enterprise entities whose checkout systems reach Nevada. |
| **Empire Legal Group LLC** | On information and belief, the Eason-controlled Texas vehicle supplying corporate-formation, legal-address, tokenomics-support, and offshore-structuring services for the enterprise's Nevada-reaching consumer platforms, including jointherealworld.com and university.com. |
| **Inspire Commerce, Inc.** | Built and operates the Value.io gateway whose code was served to Nevada consumers and charged their Nevada payment cards. |
| **Mark Noyes Fischer** | Directed the design and deployment of the Value.io gateway served to Nevada consumers and charging their payment cards. |
| **Courses Works LLC** | Organizes the enterprise's legal, travel, and corporate-structuring functions that operate and sustain the scheme reaching Nevada. |
| **Matador Learning Inc.** | Built and maintains the course content sold on the enterprise's subscription platforms that reach Nevada. |
| **New Era Comics Inc.** | On information and belief, sells merchandise or subscriptions into Nevada and receives proceeds of the scheme alleged herein. |
| **New Era Learning LLC (Roe 1)** | Operates neweralearning.net and the enterprise's subscription platforms that reach and bill Nevada subscribers. |
| **Wudan Mountain (Roe 2)** | Designated in the served checkout code as the recipient of Nevada-originated subscription proceeds. |
| **Reach TWR (Roe 3)** | Operates the reachtwr.com checkout through which the enterprise sells its War Room membership to Nevada consumers. |
| **getfireblood.com operator (Roe 4)** | On information and belief, operates the getfireblood.com Shopify storefront offering Fireblood merchandise for sale into Nevada, linked from cobratate.com within the enterprise's Nevada-directed funnel. |

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

## V. FACTUAL ALLEGATIONS

42. **Scheme Overview:** These factual allegations describe a single association-in-fact enterprise that has marketed recurring paid online subscriptions since at least 2022 under various names while maintaining the same key operators. Beginning January 12, 2025, that enterprise promoted a public "Hackathon" at fundraiser.com/hackathon offering a prize pool exceeding $1,000,000, and up to $1,000,000 in venture funding, which was offered both at fundraiser.com/apply separately and as part of the contest Hackathon. Those representations were false. The Hackathon and false venture-funding promise functioned to convert those promoted prizes and funding into profit through at least one crypto pump-and-dump, and to funnel that traffic to subscription and merchandise URLs owned by the enterprise.

43. **Plaintiff's project and participation.** Plaintiff and his brother Bryan Mitchell, as project partners, together developed the Orifice AI project and its Hackathon entry, the Bangchain project, whose name the "$bangchain" token bears. In the Hackathon communications described in these allegations, Bryan Mitchell spoke and acted on behalf of the project partnership. On January 20, 2026, Bryan Mitchell assigned to Plaintiff his entire interest in both projects, together with all claims arising from the conduct alleged herein, making Plaintiff the sole real party in interest for all claims asserted.

44. **Traffic and representation layer.**

**On January 12, 2025 at 4:09 p.m.**, Andrew Tate's @Cobratate account posted to X (formerly Twitter) an 89-second promotional video in which Andrew Tate speaks in front of the AI Hackathon logo found at fundraiser.com/hackathon, making prize representations exceeding $1,000,000 and promising access to venture funding; the text of the post links to fundraiser.com and fundraiser.com/hackathon and restates the prize and venture-funding promises. That post remains live as of the filing of this Complaint.

**On January 17, 2025 at 3:30 a.m.**, @Cobratate posted "Fundraiser.com/hackathon" with an image of Andrew Tate bearing the words "$1 MILLION DOLLARS+ IN PRIZES — HACKATHON G-AI — January 15–30th," tagging @fundraiser_com in the post.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

**On January 29, 2025 at approximately 10:00 p.m. Pacific**, Bryan Mitchell, Plaintiff's brother, posted to X a video about Plaintiff's entry to the Hackathon, which was submitted to fundraiser.com/hackathon earlier that day, with his crypto wallet address below it, tagging two accounts, including @shawmakesmagic — the host of another recent hackathon that Plaintiff and his brother had entered and won, which had paid Bryan Mitchell approximately $10,000 in prize money in cryptocurrency — the $a16z token and various other tokens — approximately one month before that post.

**Shortly after that wallet posting**, roughly 100,000,000 tokens, approximately ten percent of the supply, of a token called "$bangchain," bearing the same name as Plaintiff's project, were sent to the posted wallet address; when they arrived, the 100,000,000 tokens were worth a few hundred dollars. Plaintiff did not create or authorize those tokens.

**On January 30, 2025 at 1:16 a.m.**, the enterprise's separate @fundraiser_com account commented below that video with an exclamatory word — a prominent word from the project promotional video and a play on Mortal Kombat — "Pussality!"

**On January 30, 2025**, Andrew Tate, through @Cobratate, sent Bryan Mitchell a direct message on X stating "Head of hackathon wants to reach out," asking for Bryan Mitchell's Telegram contact and confirming "sent you a msg ;)"; the person who then reached out was Parsa Abbasie ("Issa," @issathecooker).

**On January 30, 2025 at 3:32 a.m.**, minutes after that message, Abbasie contacted Bryan Mitchell on Telegram: "gm," "i'm issa," "andrew told me to text you."

In the conversation that followed, Bryan Mitchell, who did not know much about cryptocurrency, and Abbasie discussed the tokens, and Abbasie encouraged Bryan Mitchell to lock up his tokens. On information and belief, Abbasie himself owned a substantial portion of the $bangchain token when he did so. Bryan Mitchell locked his tokens in a series of transactions, each transferring the tokens out of his wallet into a time-locked wallet that returned them to him only after the lock period elapsed.

**On January 30, 2025 at 3:41 a.m.**, Abbasie wrote: "You've locked your tokens so we will

2 Locked tokens remain part of the token's visible supply and market capitalization.

be adding Orifice to the fundraiser.com/hackathon product showcase."[2]

**On January 30, 2025 at 3:44 a.m.**, Abbasie identified himself as the creator of the enterprise's $DADDY token: "I'm x.com/issathecooker, I made $DADDY and have handled a lot of very successful CTOs."

**On January 30, 2025 at 3:45 a.m.**, Bryan Mitchell asked Abbasie, "Should I lock up the rest of my tokens?" Abbasie answered: "Yes 100%."

**On January 30, 2025 at 3:47 a.m.**, minutes after that answer, Bryan Mitchell locked the remainder of his tokens. During the lock periods the token's price rose to a peak of approximately $0.019 per unit — an approximately $19 million market capitalization — leaving his locked holding then worth millions of dollars that he could not sell or transfer while the locks were in effect.

**On January 30, 2025 at 3:59 a.m.**, Abbasie wrote "I'll have Andrew join," and immediately followed it with "Don't say andrew's gonna join," "Or anything," and "Just let that come naturally." The reference was to a live audio broadcast on X (an "X Spaces") that Abbasie had asked Bryan Mitchell to join, in which Abbasie asked Bryan Mitchell to endorse the Bangchain token and questioned him about the project for approximately fifteen minutes; Abbasie's messages arranged for Andrew Tate to appear on that broadcast without advance disclosure, so that his participation would seem spontaneous.

**On January 31, 2025 at 11:57 a.m.**, Bryan Mitchell posted to X a screenshot of Plaintiff's submission featured in fundraiser.com's Hackathon showcase.

**On January 31, 2025 at 12:54 p.m.**, Andrew Tate, through @Cobratate, commented below it: "This is perfect for the average crypto trader to be honest."

45.    Since January 12, 2025 and continuing through the filing of this Complaint, fundraiser.com/hackathon has stated: "Registrations will remain open up until February 15, 2025." The enterprise's pitch deck at deck.fundraiser.com/aideck states "JAN 15 Launch Date," "15 Days Submission Window," and "+2 Weeks Winner Announcement." No prizes were paid, no formal winners were announced, and no judges were identified; and Plaintiff's project has been listed as number one on the showcase at

**ANTHONY MITCHELL, Pro Se Plaintiff**
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

22

fundraiser.com/hackathon/showcase from January 30, 2025 through the filing of this Renewed Second Amended Complaint.

**A. The Enterprise and Its Structure**

46. **Brand and inducement layer.** Centrally controlled through Defied Trust, this layer supplies and authorizes the enterprise's federally registered wordmarks — COBRATATE (Reg. No. 7568611), THE REAL WORLD (Reg. No. 8238028), and TOP G (Reg. No. 8037966) — used throughout the fraud network to lend credibility to the promotion. THE REAL WORLD and TOP G were displayed as two of the four designated Hackathon "Main Sponsors." The COBRATATE mark is both the @Cobratate handle on X from which Andrew Tate marketed the Hackathon and the cobratate.com domain — owned jointly by Andrew Joslin and Thrift Technologies.

47. **Conversion and monetization layer.** fundraiser.com outbound-links directly to jointherealworld.com and to thewarroom.ag (which now completes checkout on reachtwr.com). fundraiser.com also outbound-links to cobratate.com twice — to its home page and to cobratate.com/contact, the enterprise's purported "contact Andrew Tate" interface, whose lead-capture function is described below. The cobratate.com home page outbound-links to jointherealworld.com, thewarroom.ag, topg.com, and getfireblood.com to convert traffic into subscription and merchandise sales.

48. **Payment and revenue-extraction layer.** Built, operated, and maintained through Thrifty, Thrift Technologies, and Joslin, with payment-gateway and processing services provided on information and belief by Inspire and Fischer, this layer collects subscription revenue in the United States and ultimately remits it toward offshore destinations, taking a fee at each transaction. On information and belief, the enterprise and the Tates have caused substantial revenue from the enterprise's subscription and merchandise businesses to be routed through a layered network of third-party and offshore accounts and entities in a manner designed to conceal the true source, ownership, and control of those proceeds — including by placing enterprise proceeds into accounts held in the names of third parties and

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

by remitting enterprise funds outside the United States — even as the enterprise continued to collect United States card-settled subscription payments.

49.    **Lead-capture and data-harvesting layer.** Implemented through the contact mechanism on fundraiser.com, which routes users to cobratate.com/contact, this layer collects participants' names and email addresses under the representation that they are contacting Andrew Tate directly. Under that guise, inputting a name and email instead places the visitor into a marketing auto-mailer, which sends marketing plus a survey and adds the user to sales lists for jointherealworld.com and thewarroom.ag — converting clicks into paying customers. Thrifty takes a fee on every resulting transaction; cobratate.com's registrants, Joslin and Thrift Technologies, earn a commission from the conversions the interface produces.

50.    **Cryptocurrency exploitation layer.** Operated by Abbasie with coordination and promotion by Andrew Tate, and with participation by Nicholas Thomas as operator of fundraiser.com, this layer deployed and promoted cryptocurrency tokens, appropriated Plaintiff's project identity into a token, and engaged in coordinated price-manipulation activity. Thomas placed and has maintained Plaintiff's project on the fundraiser.com Hackathon showcase, the display through which the appropriated project identity remained publicly associated with the enterprise while the token bearing its name was promoted.

51.    **Common Control Backend.** Behind the public-facing layers, the enterprise runs on a common corporate backend controlled by Defendant Valton Eason. As summarized in Figure 2 below, the enterprise's entities were formed and are held through a cluster of Eason-controlled shells that share recycled registered-office addresses and a common registered agent, with Eason listed as their officer, director, or manager of record. On information and belief, that common registered agent is not an independent third party: Gibraltar Monex Centurion Services Ltd is itself a Texas entity of which Eason is a director, and its own registered agent is VLVentures Co — likewise a Texas entity directed by Eason, and forfeited since 2013 — both tracing to Eason's Houston address at 3372 Ozark Street.

24

Eason thus controls the shell entities, the registered agent that serves them, and that agent's own agent, collapsing the appearance of independent corporate formation. That backend is operated through the "Empire Global Partners" consultancy at empireglobal.partners; on information and belief, although that website identifies its operator as "Empire Global Partners LLC" — a Wyoming entity whose corporate registration has lapsed through administrative dissolution — the consultancy continues to operate, and now does so through Defendant Empire Legal Group LLC.

**FIGURE 2**
**REGISTERED OFFICES OF THE EASON-CONTROLLED ENTITIES (AS FILED)**

| Entity | Filing No. | Formed | Registered office (as filed) | Eason |
|---|---|---|---|---|
| University.com TRW Inc. | 0805259546 | Oct 10, 2023 | 3372 Ozark St Unit 100, Houston 77021 | director |
| War Room Inc. | 0805259616 | Oct 10, 2023 | 3372 Ozark St Unit 100, Houston 77021 | director |
| Caputra Brands Group Inc. (f/k/a TopG.com Inc.) | 0805183808 | Aug 14, 2023 | 5718 Westheimer Rd *(no suite)*, Houston 77057 | director |
| New Era Comics Inc. | 0805226176 | Sep 14, 2023 | 4201 Main St Ste 200, Houston 77002 | director |
| Courses Works LLC | 0805284325 | Oct 30, 2023 | 4201 Main St Ste 200-222, Houston 77002 | manager |
| Matador Learning Inc. | 0805660185 | Aug 12, 2024 | 5718 Westheimer Rd Ste 1000, Houston 77057 | director |
| Empire Legal Group LLC | 0806565799 | Apr 24, 2026 | 3372 Ozark St, Houston 77021 | manager |
| Legendary Courses Inc. (Wyoming) | 2022-001152036 | Aug 24, 2022 | 5718 Westheimer Rd Ste 1000, Houston 77057 | director; president; secretary; treasurer |

52. **The "Emergency Meeting" series and the enterprise network banner.** The enterprise publishes a recurring video series titled "Emergency Meeting" on its Rumble channel TateSpeech. As of the date of this Complaint, the series comprises 152 episodes. Defendants Andrew Tate and Tristan Tate are both featured in the series and caused the episodes to be streamed and published via interstate wire.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

53. Beginning with Episode 17, streamed September 17, 2024 at approximately 2:00 p.m. EDT, Emergency Meeting episodes have displayed a persistent scrolling banner across the bottom of the video presenting the enterprise's affiliated web domains. Episode 17's banner displayed topg.com, tatepledge.com, jointherealworld.com, and cobratate.com. Beginning with Episode 22, streamed October 15, 2024 at approximately 2:00 p.m. EDT, university.com was added to the banner. Beginning with Episode 69, streamed September 7, 2025 at approximately 1:13 p.m. EDT, fundraiser.com was added. From Episode 69 forward, every Emergency Meeting episode has displayed all six domains: topg.com, tatepledge.com, jointherealworld.com, university.com, fundraiser.com, and cobratate.com.

54. Each listed domain is a commercial node of the integrated enterprise depicted in Figure 1. fundraiser.com, operated by Defendant Nicholas Thomas, functions principally as a false capital-access arm: it holds out "Access up to $1M In Venture Capital Funding" and promises applicants they may "access capital immediately - without the headaches of extensive legality, paperwork and banking." Its principal funnel is that false promise of large, immediate capital, conditioned on paid membership in jointherealworld.com — fundraiser.com/apply states that, after submitting, applicants "will be required to log into the real world to verify identity" — while, as depicted in Figure 1, outbound-linking applicants to the enterprise's other collection endpoints, including cobratate.com, the cobratate.com/contact interface operated by Joslin and Thrift Technologies, and thewarroom.ag operated by War Room Inc. The remaining banner domains are the enterprise's subscription, brand, and commerce nodes. By displaying fundraiser.com together with those nodes on a persistent on-screen banner, each Emergency Meeting episode from Episode 69 forward promotes this integrated capital-access and subscription funnel to a national audience and drives viewers into the scheme's collection endpoints. The banner is a furtherance mechanism of the same enterprise pattern reflected in Table 2's broadcast predicates; it is not a separate scheme.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

55.  From Episode 121, streamed February 19, 2026 at approximately 3:05 a.m. EST, fundraiser.com carried both its false capital-access representation and its false prize representation (the Hackathon) live simultaneously. Each Emergency Meeting episode from Episode 121 forward thus promoted a fundraiser.com hub on which both fraudulent representations were operative. Episode 121 marks the phase at which the promoted hub's dual-fraud architecture was fully concurrent.

56.  Accordingly, each Emergency Meeting episode from Episode 69 through Episode 152, inclusive — eighty-four episodes — is a separate transmission by interstate wire, made by Defendants Andrew Tate and Tristan Tate, knowingly and in furtherance of the scheme to defraud alleged herein, in violation of 18 U.S.C. § 1343, including by promoting the fundraiser.com capital-access and subscription funnel described above. Each such predicate act occurred on the date the episode was published. The naming of Andrew Tate and Tristan Tate as the actors who made these transmissions identifies the primary actor or actors alleged to have carried out or directed each act; it does not limit which Defendants are liable for it. As alleged throughout this Complaint, other Defendants aided, abetted, counseled, induced, or procured the commission of these acts, or acted in concert in committing them; and as members of the alleged association-in-fact enterprise and parties to the conspiracies pleaded herein, each Defendant is answerable for the acts of the others committed in furtherance of the scheme.

57.  The Emergency Meeting series is recurring and ongoing. From Episode 69 forward, the six-domain banner has appeared on every episode, and the episodes remain publicly accessible on TateSpeech as of the date of this Complaint. This regular, uninterrupted course of promotional wires, spanning September 7, 2025 through the filing of this Complaint with no natural termination, further establishes the open-ended continuity of the enterprise's pattern.

58.  The enterprise concealed and falsified the ownership, control, and collection identity of its online nodes, as set forth in Table 3 below:

**TABLE 3 — CONCEALMENT AND FALSIFICATION OF CORPORATE IDENTITY**

The Actor(s) column names the primary actor or actors alleged to have carried out or directed each act; it does not limit which Defendants are liable for it. As alleged throughout this Complaint, other Defendants aided, abetted, counseled, induced, or procured the commission of these acts, or acted in concert in committing them; and as members of the alleged association-in-fact enterprise and parties to the conspiracies pleaded herein, each Defendant is answerable for the acts of the others committed in furtherance of the scheme.

| No. | Date | Enterprise node | Actor(s) | Corporate identity displayed vs. concealed |
|---|---|---|---|---|
| **Concealment wires — First Cause** | | | | |
| 1 | Jan 2025 – present | thrift.tech | Joslin; Thrift Technologies | Displays "Thrift Technologies" with no registered company, address, or jurisdiction, and falsely lists Google, Staples, Gatorade, and Ionic as clients — an unregistered legitimacy front for the enterprise's U.S. payment processor. |
| 2 | Jan 2025 – present | fundraiser.com | Thomas | Displays no corporate identity, concealing the operator of the Hackathon prize-and-collection site. |
| 3 | Jan 2025 – present | topg.com | Caputra Brands | States the brand is "operated by TopG Com Inc." at 5718 Westheimer Road, Houston — no such registered entity exists, while the actual operator, Caputra Brands Group Inc, is registered at that address. |
| 4 | Jan 2025 – present | cobratate.com | Joslin; Thrift Technologies | Credits "Talisman Enterprises," a dormant foreign entity, while the COBRATATE mark is owned by Defied Trust and the site is operated by Joslin and Thrift Technologies. |
| 5 | Jan 2025 – present | jointherealworld.com | New Era; University.com TRW | Declares that the platform is owned and operated by "New Era Learning LLC." No active entity of that exact name has been identified for the period alleged. |
| 6 | Jan 2025 – present | jointherealworld.com | Joslin; Thrift Technologies | The domain's public DNS and WHOIS resolve to a Cloudflare reverse-proxy that masks the origin host; the Cloudflare account operating that proxy is controlled by Andrew Joslin and Thrift Technologies, concealing that the enterprise's payment-layer operators also run the platform's web infrastructure. |
| 7 | Jan 2025 – present | university.com | Thomas; New Era; University.com TRW | Declares that the platform is owned and operated by "New Era Learning LLC." No active entity of that exact name has been identified for the period alleged, and the domain's registrant of record is Nicholas Thomas. |
| 8 | Jan 2025 – present | thewarroom.ag | Thomas; War Room Inc. | Displays no corporate identity, concealing that the domain's registrant of record is Nicholas Thomas and that War Room Inc. receives the proceeds of the membership sold through it. |
| 9 | May 2026 – present | jointherealworld.com | New Era; University.com TRW | Removed prior disclosures that named Thrifty and Legendary as distributors, leaving only "New Era Learning LLC" — no longer disclosing who distributes the platform. |
| 10 | May 2026 – present | university.com | Thomas; New Era; University.com TRW | Removed the same Thrifty and Legendary distributor disclosures, leaving only "New Era Learning LLC." |
| **Enterprise structure and conspiracy — Tenth Cause** | | | | |
| 11 | Jan 2025 – present | getfireblood.com | Roe Corporation 4 | Displays no corporate identity, concealing the operator of the Fireblood merchandise-collection node. |

| No. | Date | Enterprise node | Actor(s) | Corporate identity displayed vs. concealed |
|---|---|---|---|---|
| 12 | Jan 2025 – present | empireglobal.partners | Empire Legal Group; Eason | Operates the enterprise's corporate-services backend under "Empire Global Partners LLC," an entity whose registration has lapsed through administrative dissolution; the consultancy continues through Empire Legal Group LLC. |
| 13 | Jan 2025 – present | corporate backend (Figure 2) | Eason | Presents Gibraltar Monex as an independent registered agent; in fact Eason controls the entities, that registered agent, and the agent's own agent (VLVentures) — a captive chain concealing common ownership and control. |
| 14 | Apr 2025 | notarization | Eason | Eason, a Texas notary public, notarized Andrew Tate's sworn affidavit, evidencing Eason's personal agency for Andrew Tate. On information and belief the notarization was fraudulently conducted: Andrew Tate is domiciled in Dubai and did not personally appear before Eason in Texas. |

59. **The War Room checkout remained live during this litigation.** The enterprise's paid War Room membership checkout continued to operate and collect payments while this action was pending. On May 14, 2026, Plaintiff paid $1.00 through that checkout at thewarroom.ag/checkout/card, which returned "Payment Successful" at 6:47 p.m. Three minutes later, a receipt for that transaction arrived from "The War Room" at billing@reachtwr.com, and the charge posted to Plaintiff's financial records under the bank descriptor "War Room Inc." reachtwr.com was already receipting the enterprise's membership charges before the enterprise moved its War Room checkout onto that domain on or about June 2026, where the checkout now operates. On information and belief, the enterprise moved the checkout from thewarroom.ag to reachtwr.com in response to the subpoena issued for thewarroom.ag. Plaintiff does not seek recovery of that payment.

## VI. CAUSES OF ACTION

Each Cause of Action is asserted only against the Defendants named in its heading. Plaintiff incorporates the foregoing allegations into each Cause of Action.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

**FIRST CAUSE OF ACTION — Federal Civil RICO, 18 U.S.C. § 1962(c)**

*(Against Andrew Tate, Tristan Tate, Nicholas Thomas, Parsa Abbasie, New Era (Roe Corporation 1), New Era Comics Inc., Thrifty Consulting, Thrift Technologies, Andrew Joslin, University.com TRW, War Room, Caputra Brands, Defied Trust, and Reach TWR (Roe Corporation 3))*

60.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3 and Figures 1 and 2, as if set forth in full.

61.  Plaintiff is a person, and each Defendant named in this Count is a person, within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c). The Defendants named in this Count are associated together in fact as an enterprise, as described above and depicted in Figure 1, for the common purpose alleged above; the enterprise was an ongoing organization functioning as a continuing unit whose activities affected interstate and foreign commerce.

62.  Each Defendant named in this Count was employed by or associated with the enterprise and conducted or participated in the operation or management of its affairs in the roles alleged above.

63.  Each Defendant named in this Count committed at least two related acts of racketeering, as set forth for that Defendant in Tables 1 and 2 and in the § 1962(c) concealment wires of Table 3, committed within ten years of one another. Those acts are related — sharing the common purpose of inducing participation and extracting value, the same participants, victim class, and methods — and continuous, spanning July 8, 2022 through the filing of this Complaint, including the enterprise's mid-litigation migration of its War Room checkout to reachtwr.com and its continued display of the Hackathon on fundraiser.com with no prize awarded.

The Defendant column names the primary actor or actors alleged to have carried out or directed each act; it does not limit which Defendants are liable for it. As alleged throughout this Complaint, other Defendants aided, abetted, counseled, induced, or procured the commission of these acts, or acted in concert in committing them; and as members of the alleged association-in-fact enterprise and parties to the conspiracies pleaded herein, each Defendant is answerable for the acts of the others committed in furtherance of the scheme.

| Defendant | Two predicate acts per Defendant (additional acts in Exhibits 1–2) |
|---|---|
| Andrew Tate | (i) **Jan. 12, 2025:** announced the Hackathon — a prize pool exceeding $1,000,000, a $500,000 grand prize, expert judging, and "up to $1,000,000" in funding, "I'll be sponsoring everything myself" — all false; the sole prize/funding wallet held ~$16,513.<br>(ii) **Jan. 31, 2025:** recast Plaintiff's Bangchain submission as "perfect for the average crypto trader," pumping the unauthorized Bangchain-named token to his followers. |
| Tristan Tate | (i) **Jan. 5 – Aug. 5, 2025:** quantified false-earnings inducement into the paid subscription — "Put in $800. Made $27,000. THE REAL WORLD simply works."<br>(ii) **Feb. 2026 – present:** continuing enrollment wires through the eve of filing — "join The Real World and get rich"; "TRW members are making money and getting rich." |
| Nicholas Thomas | (i) **Jan. 2025 – present:** the fundraiser.com/apply "up to $1M in venture funding" interface, conditioned on a recurring $99/mo subscription — inducing both purchase and retention.<br>(ii) **Jan. 31, 2025 – present:** maintained the showcase display of Plaintiff's first-ranked Bangchain entry as an ongoing judged competition while conducting no judging and awarding no prize. |
| Parsa Abbasie | (i) **Jan. 30, 2025:** ratifying Telegram to Bryan Mitchell — "andrew told me to text you" — imposing the token lock-up condition on Plaintiff's entry.<br>(ii) **Jan. 12–13, 30, 2025:** "Biggest Solana AI Hackathon" amplification of Tate's disavowed announcement, and a "thank you for submitting to the hackathon" post endorsing Plaintiff's entry. |
| New Era (Roe 1) / New Era Comics Inc. | (i) **Feb. 10, 2024:** false product-value representations on the jointherealworld.com checkout — "Live calls," "24/7 Support," "1000+ video lessons" — when no live calls were held, no 24-hour support existed, and fewer than 1,000 video lessons were accessible; Plaintiff paid Mar/Apr 2024.<br>(ii) **Jan. 2026 – present:** updated false product-value and social-proof representations on the checkout — "Access to all 12 business models … 155,000+ members already leveling up inside" — when not all twelve business models were available and the membership count was materially lower than represented. |
| Thrifty | (i) **Jan. 2025 – present:** custom-integrated the subscription-payment infrastructure with fundraiser.com/apply, transmitting recurring $99/mo charges as a condition of funding consideration.<br>(ii) **Jan. 2025 – present:** money laundering — directed outbound remittance of U.S.-collected subscription proceeds to Defied Trust in the UAE; transactions each exceeding $10,000, knowing the proceeds fraud-derived. |
| Thrift Technologies | (i) **Jan. 2025 – present:** custom-integrated the subscription-payment infrastructure with fundraiser.com/apply, transmitting the recurring $99/mo charges the scheme induced.<br>(ii) **Jan. 2025 – present:** money laundering — outbound remittance of U.S.-collected proceeds to Defied Trust in the UAE; transactions each exceeding $10,000, knowing the proceeds fraud-derived. |
| Andrew Joslin | (i) **Jan. 2025 – present:** through Thrifty and Thrift Technologies, operated the payment layer that transmitted the recurring $99/mo fraud-induced charges via fundraiser.com/apply.<br>(ii) **Jan. 2025 – present:** money laundering — directed outbound remittance of U.S.-collected proceeds to Defied Trust in the UAE; transactions each exceeding $10,000, knowing the proceeds fraud-derived. |
| University.com TRW | (i) **Jan. 19 – Jun. 16, 2025:** quantified false earnings inducing paid enrollment — "$17,000 & $28,000 profit for two of our students today. All from just a CLICK"; "22,000+ students … made more than most 9–5 jobs."<br>(ii) **May 20 – Aug. 7, 2025:** a false-scarcity price campaign — "the price WILL increase … lock in the $49/month price" — the same $49 price recurring after each "final" deadline. |

31

| Defendant | Two predicate acts per Defendant (additional acts in Exhibits 1–2) |
|---|---|
| **War Room** | (i) **Jan. 2025 – May 2026:** offered and sold the paid "War Room" membership through the thewarroom.ag checkout, receiving the proceeds — each offer and each payment instruction a separate interstate wire.<br>(ii) **Jan. 16, 18, 2025 – present:** solicitation wires — "apply.thewarroom.ag"; "Finding the war room in 2025 is like finding Bitcoin in 2014" — a misleading early-adopter earnings implication. |
| **Caputra Brands** | (i) **Jan. 2025 – present:** false "Main Sponsor" designations (THE REAL WORLD and TOP G among them) representing that sponsors "support and fund" the event; three of the four named Main Sponsors were Tate-controlled brands.<br>(ii) **Jan. 14, 2025 – present:** "Join the Fight: merch.topg.com/product" — a wire soliciting merchandise sales through the TopG node. |
| **Defied Trust** | (i) **Jan. 2025 – present:** receipt in the United Arab Emirates of the U.S.-collected subscription proceeds remitted outbound in transactions each exceeding $10,000 — the enterprise's offshore receive node.<br>(ii) **Oct. 2, 2024:** "$50 million of capital is ONLINE … acquire funding instantly here: fundraiser.com" — false; the sole prize/funding wallet held ~$16,513. |
| **Reach TWR (Roe 3)** | **Jul. 11, 2026 – present:** after suit was filed, the enterprise moved its War Room checkout to reachtwr.com/pay, offering a "War Room Membership" at $2,400–$8,000 through that checkout — each offer and each payment instruction a separate interstate wire, together a continuing pattern of transmissions as to Reach TWR. |

64.  By reason of that pattern, Plaintiff was injured in his property: the value of his development labor and out-of-pocket costs expended to build and submit Bangchain in reliance on the false prize, judging, sponsorship, and funding representations; the subscription fees he paid in reliance on the enterprise's product-value misrepresentations; and the diminution in the commercial value of the Bangchain project from the enterprise's lock-up-conditioned showcase use of an unauthorized token bearing its name. Plaintiff is entitled to treble damages and costs under 18 U.S.C. § 1964(c).

### SECOND CAUSE OF ACTION — Breach of Contract

*(Against Andrew Tate, Thomas, New Era, New Era Comics Inc., University.com TRW, Joslin, Thrifty, Thrift Technologies, Caputra Brands, Defied Trust, and Legendary Courses, Inc.)*

65.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

66. As alleged above, Defendants made a public offer of a unilateral contract on definite terms — the defined prize tiers advertised at fundraiser.com, awardable to participants who submitted qualifying projects by the stated deadline — and Andrew Tate personally represented that he would sponsor the prizes himself. Plaintiff accepted by performance, timely submitting a qualifying project that ranked first in Defendants' own showcase. Defendants breached by conducting no judging and awarding no prize. Plaintiff was damaged, including in the value of his development labor and out-of-pocket costs and in the loss of the opportunity to be awarded the prize tiers for which his submission qualified.

### THIRD CAUSE OF ACTION — Promissory Estoppel

*(Against Andrew Tate, Thomas, New Era, New Era Comics Inc., University.com TRW, Joslin, Thrifty, Thrift Technologies, Caputra Brands, Defied Trust, and Legendary Courses, Inc.)*

67. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

68. As alleged above, Defendants clearly and unambiguously promised prizes and venture funding to qualifying participants and reasonably should have expected the promise to induce participation. Plaintiff reasonably and foreseeably relied by developing and submitting his project, and was injured in the value of his labor and out-of-pocket costs. Enforcement of the promise is necessary to avoid injustice.

### FOURTH CAUSE OF ACTION — Unjust Enrichment

*(Against Andrew Tate, Tristan Tate, Thomas, Abbasie, New Era, New Era Comics Inc., Thrifty, Thrift Technologies, Joslin, University.com TRW, War Room, Caputra Brands, Defied Trust, Wudan Mountain, Empire Legal Group LLC, Legendary Courses, Inc., Reach TWR (Roe Corporation 3), and Roe Corporation 4 (getfireblood.com))*

33

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

69. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

70. As alleged above, Plaintiff conferred benefits on Defendants — his development labor, his submitted project, his personal data, and the value of his appropriated project identity — which Defendants knowingly accepted, retained, and profited from. Their retention of those benefits without compensation is inequitable, and Defendants must make restitution and disgorge the benefits retained.

## FIFTH CAUSE OF ACTION — Fraudulent Misrepresentation

*(Against Andrew Tate, Thomas, Abbasie, New Era, New Era Comics Inc., University.com TRW, Joslin, Thrifty, Thrift Technologies, Caputra Brands, Defied Trust, and Legendary Courses, Inc.)*

71. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

72. As alleged above, Defendants made material false representations of fact concerning the Hackathon's prizes, judging, sponsorship, and funding, and the enterprise's paid products, knowing them false and intending to induce reliance. Plaintiff, through Bryan Mitchell as his agent, justifiably relied on those representations by developing and submitting his project and paying subscription fees, and was damaged thereby.

**SIXTH CAUSE OF ACTION — Nevada Deceptive Trade Practices Act, NRS 598.0903 et seq.**

*(Against Andrew Tate, Tristan Tate, Joslin, Thomas, Abbasie, New Era, New Era Comics Inc., Thrifty, Thrift Technologies, University.com TRW, War Room, Caputra Brands, Defied Trust, and Legendary Courses, Inc.)*

73.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

74.  As alleged above, in the course of their business Defendants knowingly made false and misleading representations concerning the Hackathon, its prizes and sponsorship, and the enterprise's subscription products — including the false "Main Sponsor" designations and the false "SOLD OUT" scarcity representations — and represented that goods or services had sponsorship, approval, characteristics, or benefits they did not have, constituting deceptive trade practices reaching Nevada consumers.

75.  Independently, Defendants conducted a sales promotion offering prizes and engaged in deceptive practices in connection with it within the meaning of NRS 598.131 through NRS 598.139, including by failing to disclose on whose behalf the promotion was conducted and by representing that prizes and funding would be awarded when no award was ever to occur; the promotion occurred in connection with the sale of the enterprise's paid subscription products and merchandise, into which entrants were channeled.

76.  Plaintiff was a victim of consumer fraud and those deceptive trade practices and is entitled to the actual damages, costs, and reasonable attorney's fees provided by NRS 41.600. Plaintiff does not claim he purchased a "SOLD OUT" tier.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

**SEVENTH CAUSE OF ACTION — Civil Conspiracy**

*(Against all Defendants)*

77. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

78. As alleged above, the Defendants named in this Count knowingly agreed to accomplish the unlawful objects of the enterprise's scheme, or a lawful object by unlawful means, and committed overt acts in furtherance. The agreement is among distinct persons, each with a separate role and stake in the scheme. Plaintiff was damaged as a result.

**EIGHTH CAUSE OF ACTION — Nevada Civil RICO, NRS 207.400**

*(Against Andrew Tate, Tristan Tate, Joslin, Thomas, Abbasie, New Era, New Era Comics Inc., Thrifty, Thrift Technologies, Defied Trust, Wudan Mountain, Caputra Brands, University.com TRW, War Room, Reach TWR (Roe Corporation 3), and Legendary Courses, Inc. under NRS 207.400(1)(c); and against those Defendants and Valton Eason, Inspire Commerce, and Mark Noyes Fischer under NRS 207.400(1)(j))*

79. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

80. The Defendants named in this Count were employed by or associated with the enterprise alleged above. The acts alleged above are crimes related to racketeering under NRS 207.360, including obtaining money or property valued at $650 or more by false pretenses (NRS 207.360(28)); receiving, possessing, or withholding stolen property valued at $650 or more (NRS 207.360(26)); and multiple transactions involving fraud or deceit in the course of an enterprise (NRS 207.360(35)). Each Defendant named under NRS 207.400(1)(c) committed at least two such related crimes, forming a pattern of racketeering activity, and thereby

conducted or participated in the operation of the enterprise's affairs through that pattern, in the roles alleged above.

81.    Each Defendant named under NRS 207.400(1)(j) conspired to violate NRS 207.400(1)(c), as alleged above.

82.  Plaintiff was injured in his business or property by reason of that racketeering activity and is entitled to the treble damages, costs, and reasonable attorney's fees provided by NRS 207.470.

**NINTH CAUSE OF ACTION — Conversion**

*(Against Andrew Tate, Tristan Tate, Thomas, Abbasie, New Era, New Era Comics Inc.,*

*Defied Trust, and University.com TRW)*

83.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

84.   As alleged above, Plaintiff owned the submission materials he created and submitted and the Bangchain project identity, name, and commercial goodwill. The Defendants named in this Count, in the roles alleged above, wrongfully exercised dominion over that property, or took in its proceeds, to the exclusion of Plaintiff's rights and without his consent. Plaintiff does not allege that he issued the token. Plaintiff was damaged in the value of the converted property and the diminished value of his project.

**TENTH CAUSE OF ACTION — RICO Conspiracy, 18 U.S.C. § 1962(d)**

*(Against all Defendants)*

85.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 59 of this Complaint, together with Tables 1 through 3, the table of two predicate acts per Defendant following paragraph 63, and Figures 1 and 2, as if set forth in full.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

37

86. Each Defendant is a person within the meaning of 18 U.S.C. §§ 1961(3) and 1962(d). Each Defendant knowingly agreed with one or more other Defendants that a member of the conspiracy would conduct or participate in the operation or management of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), and knew the predicate acts were part of that activity, as alleged above.

87. Plaintiff was injured in his property by reason of the conspiracy and is entitled to treble damages and costs under 18 U.S.C. § 1964(c).

### VII. PRAYER FOR RELIEF

### RICO

Based on the allegations set forth above, Plaintiff avers that Defendants are liable for general damages, trebled in accordance with 18 U.S.C. § 1964(c).

Wherefore, Plaintiff demands judgment for compensatory damages in an amount to be determined by a jury and trebled pursuant to statute, as well as interest, attorney's fees, costs and expenses, and such other relief as the Court and/or jury deem just.

### STATE LAW CLAIMS

Based on the allegations set forth above, Plaintiff avers that Defendants are liable for compensatory, treble, and punitive damages in an amount to be determined by a jury.

### EQUITABLE AND OTHER RELIEF

Plaintiff further seeks restitution and disgorgement of the benefits Defendants unjustly retained and an equitable accounting of those benefits; a constructive trust over the proceeds

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

of his appropriated project and project identity; an order restraining each Defendant, and any person in active concert or participation with a Defendant, from transferring, abandoning, or allowing to expire the enterprise's domains, and requiring Defendants to remove Plaintiff's Bangchain submission from the fundraiser.com showcase and to publish a corrective notice disclosing that no prize fund, judging panel, or independent sponsor existed; a declaration that Plaintiff's intellectual property was never transferred to any Defendant and that the Hackathon's prize, judging, sponsorship, and funding representations were false; pre- and post-judgment interest, Plaintiff's costs and reasonable attorney's fees as permitted by law; and such other and further relief as the Court deems just.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 19th day of July, 2026.

Respectfully submitted,

/s/ Anthony Mitchell
Anthony Mitchell
Pro Se Plaintiff
618 Painted Opus Place
North Las Vegas, Nevada 89084
Telephone: (702) 884-0472
Email: RealAnthonyMitchell@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing RENEWED SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will serve a copy upon all counsel and parties of record registered to receive electronic notice. I further certify that any party or counsel not registered for CM/ECF service was served with a true and correct copy by United States mail, first-class postage prepaid, addressed to each such party's or counsel's last known address.

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com

DATED this 19th day of July, 2026.

/s/ Anthony Mitchell
Anthony Mitchell
Pro Se Plaintiff

ANTHONY MITCHELL, Pro Se Plaintiff
618 Painted Opus Place, North Las Vegas, Nevada 89084
Tel: (702) 884-0472 • RealAnthonyMitchell@gmail.com