**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Anthony Mitchell,

Plaintiff,

v.

Emory Andrew Tate, III et al.

Defendants.

Case No. 2:26-cv-00720-JAD-BNW

**ORDER**

Before this Court is Plaintiff's motion to seal. ECF No. 93. Plaintiff seeks leave to seal Exhibit N attached to his second supplement to a motion for alternative service. *Id.*; *see also* ECF Nos. 94, 97, 18. No opposition has been filed. For the reasons below, this Court grants, in part, and denies, in part, Plaintiff's motion.

## I. LEGAL STANDARD

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* Two standards govern motions to seal: the "compelling reasons" standard and the "good cause" standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the case of non-dispositive motions which are not more than tangentially related to the merits of the case, the court applies the good cause standard for sealing. *Id.* The public's interest in accessing non-dispositive materials is not as strong as the interest in accessing dispositive materials. *Id.* (citing *Kamakana*, 447 F.3d at 1179). Additionally, orders to seal documents must be "narrowly tailored" to only remove material which warrants protection from public view. *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016).

If any confidential information can be easily redacted while leaving meaningful information available to the public, courts must require that redactions be made rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th

Cir. 2003); *Nevada W. Petroleum, LLC v. BP W. Coast Prods., LLC*, No. 2:15-cv-01684-APG-PAL, 2016 WL 5107089, at *1 (D. Nev. Sept. 19, 2016). When approved redactions cover most of a document, such that the redacted version would be meaningless or unintelligible, courts have been willing to seal the document in its entirety. But the moving party must still demonstrate with specificity that the protected character of the information pervades the document, rather than relying on a generalized confidentiality designation. *See Nevada W. Petroleum*, 2016 WL 5107089, at *1.

## II. ANALYSIS

Here, the document Plaintiff seeks to seal is Exhibit N to his second supplement to a motion for alternative service.[1] *See* ECF No. 94. A motion for alternative service is non-dispositive and is not more than tangentially related to the merits of the case. Therefore, this Court will apply the good cause standard to Plaintiff's motion.

The subject exhibit is a business record which lists a defendant's name, address, phone number, and email. ECF No. 93 at 2. Additionally, the party which produced these business records designated each page of the document as "CONFIDENTIAL." *Id.* This Court finds good cause to protect the personally identifiable contact information listed above. The remaining information, however, such as creation date and domain name, does not warrant protection. Redacting the personally identifiable contact information would still leave meaningful information available for public disclosure.[2] Accordingly, Plaintiff's motion to seal Exhibit N in its entirety is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The underlying motion for alternative service has already been denied, but this Court considers the motion to seal due to the public's right to inspect and copy judicial records. *See* ECF No. 99; *see also Kamakana*, 447 F.3d at 1178.

[2] This Court notes that Plaintiff filed a similar business record on the public docket, with redactions only. *See* ECF 109-1 at 6.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 93) is **DENIED** in part and **GRANTED** in part consistent with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to maintain ECF No. 97 under seal.

**IT IS FURTHER ORDERED** that, pursuant to this order's instructions, Plaintiff must re-file Exhibit N on the public docket with redactions within 14 days of the entry of this order.

DATED: July 27, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE